UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| | | | |
|---|---|---|---|
| Case No. | CV 12-618 DSF (SPx) | Date | 1/24/13 |
| Title | Benjamin Lane, et al. v. Wells Fargo Bank, N.A., et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**     (In Chambers) Order REMANDING Case to State Court

   This case was removed to this Court on the basis of federal question jurisdiction and diversity jurisdiction.

   Diversity jurisdiction was not established in the notice of removal.  Defendants claim that the citizenship of First American Trustee Servicing Solutions, LLC should be disregarded because it had filed a notice of non-monetary status.  The Court disagrees.

   "A federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy."  Kuntz v. Lamar Corp., 385 F.3d 1177, 1183 (9th Cir. 2004) (quoting Navarro Sav. Assoc. v. Lee, 446 U.S. 458, 461 (1980) (internal brackets omitted).  A court should "ignore the citizenship of nominal or formal parties who have no interest in the action and are merely joined to perform the ministerial act of conveying the title if adjudged to the complainant." Prudential Real Estate Affiliates v. PPR Realty, Inc., 204 F.3d 867, 873 (9th Cir. 2000).  But, a defendant with a "vital interest" in the case is not nominal.  Lincoln Prop. Co. v. Roche, 546 U.S. 81, 92-93 (2005).  "A named defendant who . . . would be liable to pay a resulting judgment is not 'nominal' in any sense except that it is named in the complaint." Id. at 93.

   In this Court's view, the filing of a notice of non-monetary status does not automatically mean that a party is nominal for the purposes of diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

Non-monetary status under California law requires no showing; the party seeking non-monetary status merely files a notice that it has a "reasonable belief" that it "has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee." Cal. Civ. Code § 2924l(a).  Non-monetary status is automatically awarded if no party objects within 15 days, although it can be revoked by way of motion.  Cal. Civ. Code § 2924l(d), (e).  Any timely objection to the notice of non-monetary status results in the status being automatically denied.  See Cal. Civ. Code § 2924l(e).

Defendants made no attempt to demonstrate that First American was actually a nominal party beyond its filing of a notice of non-monetary status.  A review of the removed complaint shows that at least one claim was based on First American's acts or omissions.  (See Notice of Removal, Ex. A. ¶¶ 91-96.)  Therefore, First American was not only not a nominal party, but the filing of the notice of non-monetary status was improper.  In fact, the 15-day objection period had not even run when the case was removed,[1] making removal premature even if non-monetary status had some independent significance in federal court.

As for federal question jurisdiction, all federal claims have been dismissed and the Court declines to exercise further supplemental jurisdiction over the state law claims.  See 28 U.S.C. § 1367(c)(3).

The case is REMANDED to the Superior Court of California, County of Riverside.

IT IS SO ORDERED.

---

[1] The notice of non-monetary status was filed on April 16, 2012, and the case was removed on April 24, 2012.